UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re:<br><br>Von Ro Corporation,<br><br>    Debtor. | Case No. 13-34910-GFK<br><br>Chapter 7 |
| John R. Stoebner, Trustee,<br><br>    Plaintiff,<br><br>vs.<br><br>Joseph John Newton; Tracy L. Newton; Donovan P. Hardy; Spire Credit Union fka Greater Minnesota Credit Union; Brian Smith, in his official capacity as Sheriff of Kanabec County, Minnesota; and John Doe 1-x; Jane Doe 1-x; ABC Corporation,<br><br>    Defendants. | Adversary Case No. 15-03117 |

## DEFENDANT SPIRE CREDIT UNION'S ANSWER TO COMPLAINT OF JOHN R. STOEBNER, TRUSTEE

Defendant Spire Credit Union fka Greater Minnesota Credit Union ("SPIRE") hereby answers the Complaint ("Complaint") filed by John R. Stoebner, Trustee ("PLAINTIFF") as follows:

ANSWER

**PARTIES**

1. SPIRE admits the allegations in Paragraph 1 of the Complaint

2. SPIRE admits the allegations in Paragraph 2 of the Complaint.

3. SPIRE admits the allegations in Paragraph 3 of the Complaint.

4. SPIRE lacks sufficient information or belief to enable it to answer Paragraph 4 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

5. SPIRE lacks sufficient information or belief to enable it to answer Paragraph 5 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

6. SPIRE lacks sufficient information or belief to enable it to answer Paragraph 6 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

7. SPIRE denies the allegations in Paragraph 7 of the COMPLAINT. SPIRE affirmatively states that it is a state chartered credit union with its principal place of business located at 2025 Larpenteur Avenue W., Falcon Heights, MN 55113.

8. SPIRE admits the allegations in Paragraph 8 of the Complaint

9. SPIRE states that no response is required to Paragraph 9 of the Complaint. SPIRE affirmatively states that its interest in the property sought to be recovered by PLAINTIFF is prior and superior to any interest claimed by Defendants John Doe 1-x, Jane Doe 1-x, and ABC Corporation.

10. SPIRE lacks sufficient information or belief to enable it to answer Paragraph 10 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

**JURISDICTION, JUDICIAL AUTHORITY AND VENUE**

11. SPIRE admits the allegations in Paragraph 11 of the Complaint.

12. SPIRE admits the allegations in Paragraph 12 of the Complaint.

13. SPIRE admits the allegations in Paragraph 13 of the Complaint.

14. SPIRE states that no response is required to Paragraph 14 of the Complaint. SPIRE affirmatively states that to the extent any of the claims herein are non-core or the Bankruptcy Court determines that it lacks the judicial authority to enter final orders in any matters identified as core in 11 U.S.C. § 157, SPIRE consents to final orders being entered by the bankruptcy court..

15. SPIRE admits the allegations in Paragraph 15 of the Complaint.

## FACTS

16. SPIRE admits the allegations in Paragraph 16 of the Complaint.

17. SPIRE lacks sufficient information or belief to enable it to answer Paragraph 17 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

18. SPIRE admits the allegations in Paragraph 18 of the Complaint.

19. SPIRE admits the allegations in Paragraph 19 of the Complaint.

20. SPIRE admits the allegations in Paragraph 20 of the Complaint.

21. SPIRE admits the allegations in Paragraph 21 of the Complaint.

22. SPIRE lacks sufficient information or belief to enable it to answer Paragraph 22 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

23. SPIRE admits the allegations in Paragraph 23 of the Complaint.

24. SPIRE admits the allegations in Paragraph 24 of the Complaint.

25. SPIRE admits the allegations in Paragraph 25 of the Complaint.

26. SPIRE admits the allegations in Paragraph 26 of the Complaint. SPIRE further states that Exhibit 1 to the Complaint speaks for itself and specifically denies any characterizations or embellishments regarding the same.

27. SPIRE states that Exhibit 1 to the Complaint speaks for itself and specifically denies any characterizations or embellishments regarding the same.

28. SPIRE denies the allegations in Paragraph 28 of the Complaint. SPIRE further states that Exhibit 1 to the Complaint speaks for itself and specifically denies any characterizations or embellishments regarding the same. SPIRE specifically denies the conclusions of law asserted in Paragraph 28 of the Complaint.

29. SPIRE denies the allegations in Paragraph 29 of the Complaint. SPIRE specifically denies the conclusions of law asserted in Paragraph 29 of the Complaint.

30. SPIRE states that no response is required to Paragraph 30 of the Complaint. To the extent a response is required, SPIRE denies the allegations contained therein.

31. SPIRE states that no response is required to Paragraph 31 of the Complaint. To the extent a response is required, SPIRE denies the allegations contained therein. SPIRE specifically denies the conclusions of law asserted in Paragraph 31 of the Complaint.

32. SPIRE states that no response is required to Paragraph 32 of the Complaint. To the extent a response is required, SPIRE denies the allegations contained therein.

33. SPIRE states that no response is required to Paragraph 33 of the Complaint. To the extent a response is required, SPIRE denies the allegations contained therein.

34. In response to Paragraph 34 of the Complaint, SPIRE states that Exhibit 1 to the Complaint speaks for itself and specifically denies any characterizations or embellishments

regarding the same. SPIRE denies the remaining allegations contained therein. SPIRE specifically denies the conclusions of law asserted in Paragraph 34 of the Complaint.

35. SPIRE denies the allegations contained in Paragraph 35 of the Complaint. SPIRE specifically denies the conclusions of law asserted in Paragraph 35 of the Complaint.

36. In response to Paragraph 36 of the Complaint SPIRE states that Exhibit 2 to the Complaint speaks for itself and specifically denies any characterizations or embellishments regarding the same.

37. In response to Paragraph 37 of the Complaint SPIRE states that Exhibit 2 to the Complaint speaks for itself and specifically denies any characterizations or embellishments regarding the same. SPIRE specifically denies the conclusions of law asserted in Paragraph 37 of the Complaint.

38. SPIRE states that no response is required to Paragraph 38 of the Complaint. To the extent a response is required, SPIRE denies the allegations contained therein. SPIRE specifically denies the conclusions of law asserted in Paragraph 38 of the Complaint.

39. SPIRE lacks sufficient information or belief to enable it to answer Paragraph 39 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

40. In response to Paragraph 40 of the Complaint SPIRE states that Exhibit 3 to the Complaint speaks for itself and specifically denies any characterizations or embellishments regarding the same.

41. SPIRE denies the allegations contained in Paragraph 41 of the Complaint. SPIRE specifically denies the conclusions of law asserted in Paragraph 41 of the Complaint.

42. SPIRE admits the allegations in Paragraph 25 of the Complaint.

43.     SPIRE admits the allegations in Paragraph 43 of the Complaint. SPIRE affirmatively states that it has a valid, duly perfected security interest in the assets of the Debtor, including inventory and equipment.

44.     In response to Paragraph 44 of the Complaint SPIRE states that Exhibit 3A to the Complaint speaks for itself and specifically denies any characterizations or embellishments regarding the same. SPIRE denies the remaining allegations contained therein.

45.     SPIRE denies the allegations contained in Paragraph 45 of the Complaint. SPIRE specifically denies the conclusions of law asserted in Paragraph 45 of the Complaint.

46.     SPIRE denies the allegations contained in Paragraph 46 of the Complaint. SPIRE specifically denies the conclusions of law asserted in Paragraph 46 of the Complaint. SPIRE affirmatively states that at all times relevant hereto it has a valid, duly perfected security interest in the assets of the Debtor, including inventory and equipment.

47.     In response to Paragraph 47 of the Complaint SPIRE admits that it made additional loans to the Debtor that were secured by specific vehicles. SPIRE denies the remaining allegations contained therein. SPIRE affirmatively states that it held in its possession the original Certificate of Origins for those specific Park Models.

48.     SPIRE lacks sufficient information or belief to enable it to answer Paragraph 48 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

49.     SPIRE admits the allegations in Paragraph 49 of the Complaint.

50.     SPIRE admits the allegations in Paragraph 50 of the Complaint.

51.     SPIRE admits the allegations in Paragraph 51 of the Complaint.

52.     SPIRE admits the allegations in Paragraph 52 of the Complaint.

53. SPIRE admits the allegations in Paragraph 53 of the Complaint.

54. SPIRE admits the allegations in Paragraph 54 of the Complaint.

55. SPIRE admits the allegations in Paragraph 55 of the Complaint.

56. SPIRE admits the allegations in Paragraph 56 of the Complaint.

57. SPIRE admits the allegations in Paragraph 57 of the Complaint.

58. SPIRE admits the allegations in Paragraph 58 of the Complaint.

59. SPIRE admits the allegations in Paragraph 59 of the Complaint.

60. SPIRE denies the allegations contained in Paragraph 60 of the Complaint. SPIRE affirmatively states that the 2350 International Bucket Tractor and Car Hauler Trailer were repossessed by SPIRE, not levied upon by Smith.

61. SPIRE admits the allegations in Paragraph 61 of the Complaint.

62. SPIRE lacks sufficient information or belief to enable it to answer Paragraph 62 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

63. SPIRE admits the allegations in Paragraph 63 of the Complaint.

64. SPIRE admits the allegations in Paragraph 64 of the Complaint.

65. SPIRE lacks sufficient information or belief to enable it to answer Paragraphs 65 through 137 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

66. SPIRE admits the allegations in Paragraph 138 of the Complaint.

**COUNT I**
**(AGAINST ALL DEFENDANTS)**
**DETERMINATION OF THE VALIDITY, PRIORITY**
**OR EXTENT OF LIEN OR OTHER INTEREST IN PROPERTY**

67. In response to Paragraph 139 of the Complaint, SPIRE restates its responses in the preceding paragraphs as though fully restated herein.

68. SPIRE lacks sufficient information or belief to enable it to answer Paragraph 140 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

69. SPIRE lacks sufficient information or belief to enable it to answer Paragraph 141 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

70. SPIRE admits the allegations in Paragraph 142 of the Complaint.

71. In response to Paragraph 143 of the Complaint, SPIRE admits that it has a valid, duly perfected security interest in all of the Debtor's pre-petition assets. SPIRE specifically denies the remaining allegations contained therein.

72. SPIRE lacks sufficient information or belief to enable it to answer Paragraph 144 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

73. SPIRE lacks sufficient information or belief to enable it to answer Paragraph 145 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

74. SPIRE lacks sufficient information or belief to enable it to answer Paragraph 146 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

75. SPIRE lacks sufficient information or belief to enable it to answer Paragraph 147 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

76. SPIRE lacks sufficient information or belief to enable it to answer Paragraph 148 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

77. SPIRE states that no response is required to Paragraph 149 of the Complaint. To the extent a response is required, SPIRE affirmatively states that it has a valid duly perfected security interest in all of the Debtor's assets.

## COUNT II
### (AGAINST DEFENDANTS HARDY, JOSEPH, TRACY AND GMCU)
### AVOIDANCE OF TRANSERS OF INTERST IN
### PROPERTY OF THE ESTATE
### 11 U.S.C. § 544(a)

78. In response to Paragraph 150 of the Complaint, SPIRE restates its responses in the preceding paragraphs as though fully restated herein.

79. SPIRE lacks sufficient information or belief to enable it to answer Paragraph 151 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

80. SPIRE denies the allegations in Paragraph 152 of the Complaint.

81. SPIRE denies the allegations in Paragraph 153 of the Complaint.

82. SPIRE lacks sufficient information or belief to enable it to answer Paragraph 154 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

83. SPIRE states that no response is required to Paragraph 155 of the Complaint. To the extent a response is required, SPIRE affirmatively states that it has a unavoidable, valid, duly perfected security interest in all of the Debtor's assets.

### COUNT III
### (AGAINST DEFENDANT JOSEPH)
### AVOIDANCE OF PREFERENCE
### 11 U.S.C. § 547

84. In response to Paragraph 156 of the Complaint, SPIRE restates its responses in the preceding paragraphs as though fully restated herein.

85. SPIRE lacks sufficient information or belief to enable it to answer Paragraphs 157 through 165 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

86. SPIRE states that no response is required to Paragraph 166 of the Complaint.

### COUNT IV
### (AGAINST THE DEFENDANT JOSEPH)
### AVOIDANCE OF PREFERENCE
### 11 U.S.C. § 547

87. In response to Paragraph 167 of the Complaint, SPIRE restates its responses in the preceding paragraphs as though fully restated herein.

88. SPIRE lacks sufficient information or belief to enable it to answer Paragraph 168 through 177 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

89. SPIRE states that no response is required to Paragraph 178 of the Complaint.

### COUNT V
### (AGAINST JOSEPH)
### FRAUDULENT TRANSFER
*Actual Fraud – 11 U.S.C. §§ 544(b), 550(a), and 551 & Minn. Stat §§ 513.44(a)(1) et. seq.*

90.     In response to Paragraph 179 of the Complaint, SPIRE restates its responses in the preceding paragraphs as though fully restated herein.

91.     SPIRE lacks sufficient information or belief to enable it to answer Paragraphs 180 through 187 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

92.     SPIRE states that no response is required to Paragraph 188 of the Complaint.

### COUNT VI
### (AGAINST JOSEPH)
### FRAUDULENT TRANSFER
*Actual Fraud – 11 U.S.C. §§ 544(b), 550(a), and 551 & Minn. Stat §§ 513.44(a)(1) et. seq.*

93.     In response to Paragraph 189 of the Complaint, SPIRE restates its responses in the preceding paragraphs as though fully restated herein.

94.     SPIRE lacks sufficient information or belief to enable it to answer Paragraphs 190 through 196 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

95.     SPIRE states that no response is required to Paragraph 197 of the Complaint.

### COUNT VII
### (AGAINST JOSEPH)
### FRAUDULENT TRANSFER
*CONSTRUCTIVE– 11 U.S.C. §§ 544(b), 550(a), and 551 & Minn. Stat §§ 513.44(a)(1) et. seq.*

96.     In response to Paragraph 198 of the Complaint, SPIRE restates its responses in the preceding paragraphs as though fully restated herein.

97.     SPIRE lacks sufficient information or belief to enable it to answer Paragraphs 199 through 202 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

98.     SPIRE states that no response is required to Paragraph 203 of the Complaint.

## COUNT VIII
## (AGAINST JOSEPH)
## FRAUDULENT TRANSFER
*Actual Fraud - 11 U.S.C. §§548(a)(1)(A), 550(a), and 551*

99. In response to Paragraph 204 of the Complaint, SPIRE restates its responses in the preceding paragraphs as though fully restated herein.

100. SPIRE lacks sufficient information or belief to enable it to answer Paragraphs 205 through 208 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

101. SPIRE states that no response is required to Paragraph 209 of the Complaint.

## COUNT IX
## (AGAINST JOSEPH)
## FRAUDULENT TRANSFER
*Constructive Fraud – 11 U.S.C. §§ 548(a)(1)(B), 550(a), and 551*

102. In response to Paragraph 210 of the Complaint, SPIRE restates its responses in the preceding paragraphs as though fully restated herein.

103. SPIRE lacks sufficient information or belief to enable it to answer Paragraphs 211 through 214 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

104. SPIRE states that no response is required to Paragraph 215 of the Complaint.

## COUNT X
## (AGAINST HARDY, JOSEPH, TRACY, AND JOH DOE 1-X,
## JANE DOE 1-X, ABC CORPORATION)
## AVOIDANCE OF UNAUTHORIZED POST-PETITION TRANSFERS
*11 U.S.C. §§ 549), 550, and 551*

105. In response to Paragraph 216 of the Complaint, SPIRE restates its responses in the preceding paragraphs as though fully restated herein.

106. SPIRE lacks sufficient information or belief to enable it to answer Paragraphs 217 through 223 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

107. SPIRE states that no response is required to Paragraph 224 of the Complaint.

## COUNT XI
### (AGAINST DEFENDANT GMCU/SPIRE)
### SURCHARGE
### *11 U.S.C. § 506(c)*

108. In response to Paragraph 225 of the Complaint, SPIRE restates its responses in the preceding paragraphs as though fully restated herein.

109. SPIRE lacks sufficient information or belief to enable it to answer Paragraph 226 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

110. In response to Paragraph 227 of the Complaint, SPIRE affirmatively states that it has an allowed claim which is secured by a valid, perfected and unavoidable security interest in property as of the Petition Date which is prior and superior to all other claims. SPIRE denies the remaining allegations contained in Paragraph 149 of the Complaint.

111. SPIRE states that no response is required to Paragraph 228 of the Complaint. To the extent a response is required, SPIRE denies the same.

## COUNT XII
### (AGAINST SMITH SOLELEY IN HIS OFFICIAL
### CAPACITY OF SHERIFF OF KANABEC COUNTY, MINNESOTA)
### TURNOVER AND ACCOUNTING 11 U.S.C. § 543(b)

112. In response to Paragraph 229 of the Complaint, SPIRE restates its responses in the preceding paragraphs as though fully restated herein.

113. SPIRE admits the allegations in Paragraph 230 of the Complaint.

114. SPIRE admits the allegations in Paragraph 231 of the Complaint.

115. SPIRE lacks sufficient information or belief to enable it to answer Paragraphs 232 and 233 of the Complaint and based upon such lack of information or belief, denies said allegations on these grounds.

116. SPIRE states that no response is required to Paragraph 234 of the Complaint.

## AFFIRMATIVE DEFENSES

As distinct and affirmative defenses to each and every purported cause of action alleged in the Complaint, and the whole thereof, SPIRE alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

117. SPIRE is informed and believes and thereon alleges that the Complaint and each and every alleged claim for relief contained therein fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

118. SPIRE is informed and believes and thereon alleges that the Complaint and each and every alleged cause of action contained therein is barred by the applicable statute of limitations or statute.

### THIRD AFFIRMATIVE DEFENSE

119. SPIRE is informed and believes and thereon alleges that the Complaint and each and every alleged cause of action contained therein is barred by the Doctrine of Laches.

### FOURTH AFFIRMATIVE DEFENSE

120. SPIRE is informed and believes and thereon alleges that the Complaint and each and every alleged cause of action contained therein is barred by the Doctrine of Waiver.

### FIFTH AFFIRMATIVE DEFENSE

121. SPIRE is informed and believes and thereon alleges that the Complaint and each and every alleged cause of action contained therein is barred by the Doctrine of Estoppel.

## SIXTH AFFIRMATIVE DEFENSE

122. SPIRE presently lacks sufficient information upon which to state additional affirmative defenses and therefore reserves the right to assert such additional affirmative defenses should they be warranted following completion of discovery.

WHEREFORE, SPIRE prays for judgment with respect to the Debtor's Complaint as follows:

1. AS TO COUNT I: for a dismissal of the claim against SPIRE and determination that SPIRE has valid duly perfected security interest in all property of the Debtor and that SPIRE's security interest in prior and superior to all other interests.

2. AS TO COUNT II: for a dismissal of the claim against SPIRE and a determination that SPIRE has an unavoidable, valid duly perfected security interest in all property of the Debtor and that SPIRE's security interest in prior and superior to all other interests.

3. AS TO COUNT XI: for a dismissal of the claim against SPIRE; or, in the alternative, to surcharge any collateral only for Plaintiff's reasonable and necessary costs incurred with respect to the property subject to SPIRE's unavoidable, valid, duly perfected security interest and not for costs and fees incurred as a result of PLAINTIFF's various other claims against the Defendants.

4. For such other and further relief as this Court deems just and proper.

                                               **PFB Law, Professional Association**

Dated: October 1, 2015

                                               /s/ Daniel M. Duffek
Daniel M. Duffek (#388297)
*dduffek@pfb-pa.com*
Attorneys for Defendant Spire Credit Union fka Greater Minnesota Credit Union
55 E 5th Street, Suite 800
St. Paul, MN 55101
Ph: (651) 290-6944
Fax: (651) 228-1753

## UNITED STATE BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Von Ro Corporation,<br><br>Debtors. | BKY Case No. 13-34910-GFK<br>Chapter 7 |
| John R. Stoebner, Trustee,<br><br>Plaintiff,<br><br>v.<br><br><br>Joseph John Newton; Tracy L. Newton; Donovan P. Hardy; Spire Credit Union fka Greater Minnesota Credit Union; Brian Smith, in his official capacity as Sheriff of Kanabec County, Minnesota; and John Doe 1-x, Jane Doe 1-x, ABC Corporation;<br><br>Defendants. | ADV Case No. 15-03117 |

## DECLARATION OF PROOF OF SERVICE

I, Daniel M. Duffek, employed by **PFB LAW, PROFESSIONAL ASSOCIATION**, attorneys licensed to practice in this court, with an office at Suite 800, 55 East Fifth Street, St. Paul, MN, 55101, declare that on October 1, 2015, I served the annexed Answer to Complaint by automatic e-mail notification pursuant to the Electronic Case Filing System and this notice constitutes service or notice pursuant to Local Rule 9006-1(a) AND if Non-Efile Users by mailing to each of the parties listed below a copy of each thereof, enclosed in an envelope, first class postage prepaid, and by depositing same in the post office at St. Paul, Minnesota, directed to them at their last known addresses listed below:

Joseph John Newton
13992 Wellington Drive
Eden Prairie, MN 55347

Donovan P. Hardy
708 Jewell Street
Mora, MN 55051

| | |
|---|---|
| Tracy L. Newton | Brian Smith |
| 13992 Wellington Drive | Sheriff of Kanabec County |
| Eden Prairie, MN 55347 | 18 North Vine Street |
| | Mora, MN 55051 |

And I declare under penalty of perjury, that the foregoing Unsworn Declaration for Proof of Service is true and correct.

Dated: October 1, 2015          Signed: /e/ Daniel M. Duffek